IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA JOANN LEMOINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:13cv475-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Brenda Joann Lemoine, applied for supplemental security income benefits. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled at any time through the date of the decision. Plaintiff appealed that decision to the Appeals Council, and the Appeals Counsel rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id.*

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . .  No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.   ADMINISTRATIVE PROCEEDINGS**

Plaintiff was forty-five years old on the date the application was filed and has a limited education. Tr. 42. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since July 20, 2010, the application date." (Step 1) Tr. 21. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disc disease . . . of the cervical and lumbar spine; asthma; osteoarthritis; hypertension; thyroid disease; history of gastric bypass/obesity; borderline intellectual functioning; and bipolar disorder." *Id.* The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Step 3) *Id.* Next, the ALJ found that Plaintiff has the RFC to perform light work with additional limitations. Tr. 22. After consulting the VE, the ALJ concluded that Plaintiff "is capable of performing past relevant work" as a cashier. (Step 4) Tr. 41. Despite that finding, the ALJ continued on to Step 5 and found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 42. The ALJ identified the following occupations as examples: "housekeeper," "garment bagger," and "garment folder." *Id.* Accordingly, the ALJ determined that Plaintiff "has not been

under a disability, as defined in the Social Security Act, since July 20, 2010, the date the application was filed." Tr. 43.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: (1) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to pose a complete hypothetical question to the [VE]"; and (2) whether "[t]he Commissioner's decision should be reversed because the ALJ erroneously relied on the opinions of non-examining medical consultants in rejecting the opinion of examining psychiatrists." Pl.'s Br. (Doc. 12) at 3.  The court will address each argument below.

## V. DISCUSSION

### *A. Whether the ALJ failed to pose a complete hypothetical question to the VE*

Plaintiff challenges the ALJ's reliance on the VE's testimony that Plaintiff is capable of performing her past relevant work and that Plaintiff is capable of performing other work that exists in significant numbers in the national economy.  Plaintiff argues that "[t]he ALJ's hypothetical question failed to describe all of [Plaintiff]'s impairments, both mentally and physically, and was less restrictive than the ALJ's RFC assessment." Pl.'s Br. (Doc. 12) at 4.  Thus, Plaintiff argues, the ALJ could not rely upon the VE's testimony because the ALJ failed to include all of Plaintiff's RFC restrictions in the hypothetical he posed to the VE. *Id.*

In response, Defendant argues that "there is no showing that the[] omissions were material to the outcome of the case" because working as a cashier, Plaintiff's past relevant work, "d[oes] not require Plaintiff to stoop or crouch more than allowed by the [RFC] finding; did not involve any workplace hazards; and did not conflict with her credible mental limitations." Def.'s Br. (Doc. 13) at 7. Defendant supports this argument by citing to the Dictionary of Occupational Titles ("DOT"). Indeed, while Defendant addresses whether there was a conflict between the VE's testimony and the DOT, Defendant does not deny that the ALJ's hypothetical to the VE failed to include all of Plaintiff's limitations.

Defendant also argues that "[e]ven if Plaintiff demonstrated some conflict with the requirements of the cashier position, she has not demonstrated any conflict with the other[] unskilled jobs identified in the ALJ's alternative[] step five finding." *Id.* Defendant supports this argument stating that "'unskilled' occupations involve simple tasks, 'routine' work settings, and primarily involve working with objects rather than people." *Id.* Thus, Defendant argues, "[t]here were no conflicts between the ALJ's [RFC] finding and the requirements of these unskilled occupations[] identified at step five." *Id.* In this argument, Defendant does not address whether the physical limitations that are included in the RFC, but left out of the hypothetical question, create a conflict between the RFC and the requirements of the occupations identified by the VE.

7

"In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam); *Jones v. Apfel,* 190 F.3d 1224, 1228-29 (11th Cir. 1999). Here, the ALJ's only hypothetical question asked the VE to assume the following:

> Assume I find a hypothetical individual the same age as [Plaintiff] with the same education level and vocational history and . . . the additional limitations that this hypothetical individual can perform a full range of light [work] with no postural limitations[,] no manipulative limitations, environmental limitations would be avoiding hazards and dangerous machinery and heights[,] and mental limitations would be limited education with no illiteracy.

Tr. 66. The VE testified that such an individual would be capable of returning to Plaintiff's past relevant work as a cashier and would be able to work as housekeeper/cleaner or as a garment bagger. Tr. 66-67. However, the ALJ's RFC assessment included multiple limitations not identified in the hypothetical posed to the VE. The ALJ found Plaintiff to have:

> the [RFC] to perform light work . . . except [Plaintiff] can perform lifting and carrying of 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can stand and walk for about 6-hours in an 8-hour workday. [Plaintiff] is unlimited in pushing and pulling of operation of hand and foot controls other than noted for lifting and carrying. [Plaintiff] could occasionally perform climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, but no climbing of ladders, ropes or scaffolds. [Plaintiff] has no manipulative limitations, no visual limitations, and no odors, dusts, gases, and poor ventilation; and she should avoid all exposure to hazardous machinery and unprotected heights. [Plaintiff] has the ability to understand, remember, and carry out short and simple instructions, and she is able to concentrate and attend for reasonable periods

> of time; however, changes in the work environment or work expectations should be introduced gradually.

Tr. 22. Plaintiff argues that the hypothetical question did not address the mental limitations of being able to understand, remember, and carry out short and simple instructions, or the need for changes in the work environment or work expectations should be introduced gradually. Moreover, the hypothetical "fail[ed] to take into consideration [Plaintiff]'s need to occasionally perform climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; and the need to avoid concentrated fumes to odors, dusts, gases, and poor ventilation." Pl.'s Br. (Doc. 12) at 5-6. The court agrees that this hypothetical is incomplete based on the failure to include all of Plaintiff's physical and mental limitations.

Because the VE testified based on an incomplete hypothetical that failed to properly incorporate all of Plaintiff's limitations as found in the ALJ's RFC, the ALJ could not have relied on the VE's testimony as the VE's testimony was not supported by substantial evidence. *See, e.g.*, *Dial v. Comm'r of Soc. Sec.*, 403 F. App'x 420 (11th Cir. 2010) (finding "it is undisputed that the ALJ failed to include all of Dial's employment limitations in the hypothetical questions posed to the VE. Thus, the VE's testimony did not constitute substantial evidence upon which the ALJ could rely." (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) and *Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985)); *Baines v. Astrue*, 781 F. Supp. 2d 228, 238 (D. Del. 2011)

(holding that the ALJ's hypothetical question to the VE failed to properly reflect claimant's limitations, where ALJ's RFC found that claimant could do only "occasional pushing, pulling, reaching, handling, fingering, and feeling maneuvers with her left upper extremity," but the hypothetical to the VE only stated that claimant had to "avoid overhead reaching," and ALJ told VE to generally look for jobs that "can be performed with one arm with minimal assist from the other.").

Based on the foregoing, the court finds that this case is due to be remanded on the basis that the VE's testimony did not comprise substantial evidence, as it did not incorporate all of Plaintiff's limitations. *Wilson*, 284 F.3d at 1227. On remand, the ALJ should reevaluate, in consideration of all of Plaintiff's limitations, whether Plaintiff is able to perform past relevant work as a cashier and, if not, whether other jobs exist in the national economy that Plaintiff is able to perform, ensuring that all of Plaintiff's limitations are accurately incorporated in the hypothetical to the VE.

### *B. Whether the ALJ erroneously relied on the opinions of non-examining medical consultants in rejecting the opinion of examining psychiatrists*

Plaintiff argues that "[t]he ALJ erred in discrediting opinions of examining physicians in favor of non-examining physicians." Pl.'s Br. (Doc. 12) at 9. It appears Plaintiff's argument here is two-fold. First, Plaintiff appears to argue that "[t]he ALJ gave consideration to [Dr. Randall Jordan's] opinion," but never defined what weight was given to said opinion. *Id.* at 10. Second, Plaintiff appears to challenge the ALJ's

10

decision not to afford any weight to the examination by, or opinions of, Dr. Ann McDowell, an examining psychiatrist. *Id.*

To the extent that Plaintiff complains that the ALJ did not define the weight given to Dr. Jordan's opinion, the court finds no error. "An ALJ's failure to state with particularity the weight given different medical opinions is reversible error." *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam)). "[H]owever, [when] an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." *Caldwell*, 261 F. App'x at 190. Courts have generally found that an ALJ's failure to state what weight is accorded a particular piece of medical opinion evidence is harmless when the ALJ has relied upon other opinion evidence that is consistent with the omitted evidence or the omitted opinion is consistent with the ALJ's ultimate findings. *See, e.g.*, *id.* at 191; *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005).

Dr. Jordan performed a psychological consultative examination of Plaintiff. The court would note that the ALJ extensively discussed Dr. Jordan's examination of Plaintiff, and opinions relating thereto. The ALJ specifically noted that "Dr. Jordan documented no more than moderate deficits." Tr. 40. Plaintiff does not point to any specific aspect of Dr. Jordan's opinion that is in contradiction with the ALJ's determination. Further, the ALJ relied upon other opinion evidence that was consistent

with the opinions of Dr. Jordan and the ALJ's ultimate findings are consistent with these opinions. Accordingly, to the extent the ALJ's failure to state what weight she gave to the medical opinions was error, it was harmless. *Caldwell*, 261 F. App'x at 191.

To the extent that Plaintiff complains that the ALJ gave no weight to an examining psychiatrist but afforded weight to the opinion of non-examining physicians, the court finds no merit. Plaintiff correctly states that "'[t]he law is clear that, although the opinion of an examining physician is *generally* entitled to more weight than the opinion of a non-examining physician, *the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.*" Pl.'s Br. (Doc. 12) at 14-15 (quoting *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (citing 20 C.F.R. § 404.1526)) (emphasis added). Here, the ALJ found Dr. McDowell's opinions to be unsupported by and contrary to the evidence of record. Indeed, the ALJ explicitly stated so no less than three times in the Decision: "[Dr. McDowell's] assessments have been accorded no weight due to absences of supporting medical records. The[] limitations [identified by Dr. McDowell] are inconsistent with the record as a whole and they are inconsistent with the treating physician's treatment histories." Tr. 31. "No weight is accorded to [Dr. McDowell's] evaluation, as there are no supporting records and the findings are inconsistent with [Plaintiff]'s treating physician's treatment records. [Plaintiff] made no mention of suicidal thoughts to her treating physician and the record is absent of hospitalizations or emergency room visits for any mental impairment other than

12

[Plaintiff] mentioning that she has mental problems." Tr. 32. "The [ALJ] accords no weight to Dr. Ann B. McDowell's examination and assessments in Exhibits 13F and 15F for the reason that there are no records to support the findings and the findings are inconsistent with [Plaintiff]'s treating physician treatment records." Tr. 41. The court finds that the ALJ's decision to afford no weight to Dr. McDowell's opinion was supported by substantial evidence and, thus, no error occurred.

## V. CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for the ALJ to reevaluate, in consideration of all of Plaintiff's limitations, whether Plaintiff is able to perform past relevant work as a cashier and, if not, whether other jobs exist in the national economy that Plaintiff is able to perform, ensuring that all of Plaintiff's limitations are accurately incorporated in the hypothetical to the VE. A separate judgment will issue.

Done this 2nd day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE